No. 23-6932

---

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

ROBERT VALLADARES,
*Petitioner- Appellant*

v.

HEATHER RAY,
*Respondent-Appellee*

---

On Appeal from the
United States District Court for the Northern District of West Virginia
Civil Action No. 5:23-CV-227 (Bailey)

---

# RESPONSE BRIEF FOR THE APPELLEE

---

WILLIAM IHLENFELD
*United States Attorney*

MAXIMILLIAN F. NOGAY
*Assistant United States Attorney*
Northern District of West Virginia
United States Attorney's Office
1125 Chapline Street, Suite 3000
P.O. Box 591
Wheeling, WV 26003
(304) 234-0100 office
(304) 234-0110 facsimile
Max.Nogay@usdoj.gov

# TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES ..... ii

JURISDICTIONAL STATEMENT ..... 1

STATEMENT OF THE ISSUE ..... 1

STATEMENT OF THE CASE ..... 1

SUMMARY OF ARGUMENT ..... 5

STANDARD OF REVIEW ..... 7

ARGUMENT ..... 7

I. The district court correctly concluded that Valladares is ineligible to earn time credits pursuant to 18 U.S.C. § 3632(d)(4)(D)(lviii) ..... 7

A. Valladares was charged with and pled guilty to one count of distribution of controlled substances and two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ..... 8

B. Valladares is ineligible to earn First Step Act time credits pursuant to 18 U.S.C. § 3632(d)(4)(D) ..... 8

II. *Loper Bright* has no bearing on this case because the BOP acted within its statutory authority pursuant to the First Step Act ..... 7

CONCLUSION ..... 17

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Bonnie v. Dunbar*,
No. 4:23-1215-DCN-TER,
2024 U.S. Dist. LEXIS 85144 (D.S.C. Jan. 16, 2024) ........................ 11

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
467 U.S. 837 (1984) ........................................................................ 15, 16

*Collins v. Stover*,
No. 3:24-CV-282 (D. Conn. April 30, 2024) ..................................... 15

*Dittmar v. Jacquez*,
No. 3:23-CV-00275-MC,
2023 U.S. Dist. LEXIS 179792 (D. Or. Oct. 5, 2023) ......................... 13

*Hollins v. Monarez*,
No. CV 23-02455-PHX-SPL (ASB),
2024 U.S. Dist. LEXIS 42402 (D. Ariz. Feb. 6, 2024),
adopted by *Hollins v. Unknown Monarez*,
No. CV-23-02455-PHX-SPL,
2024 U.S. Dist. LEXIS 40811 (D. Ariz. Mar. 8, 2024) ....................... 13

*Kyger v. Williams*,
No. 2:23-CV-085-TAV-CRW,
2024 U.S. Dist. LEXIS 65606 (E.D. Tenn. Apr. 10, 2024) ................. 13

*Lallave v. Martinez*,
635 F. Supp. 3d 173 (E.D.N.Y. 2022) ............................................... 14, 15

*Lenze v. Gilley*,
Civil Action No. 6:21-115-DCR,
2021 U.S. Dist. LEXIS 214473 (E.D. Ky. Nov. 5, 2021) ................... 11, 12, 15

*Loper Bright Enterprises v. Raimondo*,
144 S. Ct. 2244 (2024) ..................................................................... 15, 16, 17

*Orndorff v. Pullen*,
No. 3:22-CV-1637 (D. Conn. April 19, 2023) .................................... 15

*United States v. Wilson*,
503 U.S. 329 (1992) .................................................................... 11

*United States v. Venable*,
943 F.3d 187 (4th Cir. 2019) ........................................................ 7

*Ward v. United States*,
982 F.3d 906 (4th Cir. 2020) ........................................................ 7

**Statutes**

18 U.S.C. § 3624(g)(1) ................................................................ 16

18 U.S.C. § 3632 .......................................................................... 3, 16

18 U.S.C. § 3632(d)(4)(D) ............................................................ 3, 7

18 U.S.C. § 3632(d)(4)(D)(lviii) .................................................... passim

21 U.S.C. § 841(a)(1) .................................................................. passim

21 U.S.C. § 841(b)(1)(A) ............................................................. 12

21 U.S.C. § 841(b)(1)(B) ............................................................. 12

21 U.S.C. § 841(b)(1)(C) ............................................................. passim

21 U.S.C. § 846 ............................................................................ 14, 15

28 U.S.C. § 1291 .......................................................................... 1

28 U.S.C. § 1331 .......................................................................... 1

28 U.S.C. § 2241 .......................................................................... passim

28 U.S.C. § 2253 .......................................................................... 1

## JURISDICTIONAL STATEMENT

This is an appeal from a final order denying and dismissing a petition under 28 U.S.C. § 2241 on September 12, 2023. The district court had subject-matter jurisdiction under 28 U.S.C. § 2241 and 28 U.S.C. § 1331. Valladares timely appealed. This Court has appellate jurisdiction under 28 U.S.C. § 2253 and 28 U.S.C. § 1291. This is an appeal from a judgment that disposes of all claims with respect to all parties.

## STATEMENT OF THE ISSUE

Whether the district court erred when it found Valladares ineligible to earn First Step Act time credits, as set forth in 18 U.S.C. § 3632(d)(4)(D)(lviii), because of Valladares' conviction for distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), when the underlying drug distribution resulted in death, but did not result in a sentencing enhancement.

## STATEMENT OF THE CASE

*Statement of Facts*

Robert Allen Valladares was initially charged by indictment on December 20, 2020, with one count of distribution of a controlled substance resulting in death and two counts of possession with intent to distribute controlled substances. JA 66–70. On October 15, 2021, the government filed an Information, charging Valladares with one count of distribution of controlled substances and two counts of possession with

intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). JA 71–75. Pursuant to a Rule 11(c)(1)(C) plea agreement with the government, Valladares pled guilty to the charges in the Information; in exchange, the government agreed that a sentence within a range of 132 months to 168 months' incarceration was the most appropriate sentence. JA 56–62, JA 106.

In the prepared Presentence Investigation Report ("PSR"), the United States Probation Office noted that the "parties stipulate and agree that if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt . . . Defendant admits that on February 7, 2020, he distributed controlled substances to the victim, and that the death of the victim resulted." JA 106, JA 108. The Probation Officer calculated Valladares' base offense level as 38 because, "[a]s a result of the defendant's conduct in this case, the victim, S.W. died from an overdose." JA 109.

At sentencing, the district court applied base offense level of 38 and decreased to a total offense level of 35 following three points for acceptance of responsibility. JA 109. Based on a total offense level of 35 and a criminal history category of VI, the United States Sentencing Guidelines provided for a guideline range of 292 to 365 months. However, the parties agreed that a sentence of 132 to 168 months was appropriate, and Valladares was sentenced to 144 months' incarceration in January 2022. JA 56–62; JA 126–127.

Valladares is currently serving his sentence at the Federal Correctional Institution ("FCI") Hazelton, a Federal Bureau of Prisons ("BOP") facility located in Bruceton Mills, West Virginia in the Northern District of West Virginia. JA 87. Upon designation to FCI Hazelton following sentencing, the BOP coded Valladares as ineligible to receive time credits under the First Step Act based on his conviction under 21 U.S.C. § 841(b)(1)(C) because a death was associated with the conviction for distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1). JA 55, JA 76.

*Procedural History*

Valladares challenged the ineligibility determination through the BOP's administrative remedy process. JA 25–33. On May 5, 2023, the BOP's National Inmate Appeals Administrator denied Valladares' appeal, stating that, "You were reviewed for FSA eligibility and found to be ineligible due to your offense." JA 34. Following the May 2023 final administrative remedy denial, Valladares filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of West Virginia. JA 5–13. In the habeas petition, Valladares alleged that "[his] offense," 21 U.S.C. § 841(a)(1), "is not an ineligible offense for First Step Act Time Credit" under 18 U.S.C. § 3632(d)(4)(D). JA 9. In essence, Valladares alleged that "relevant conduct" of the underlying crime, while appropriate for consideration at sentencing, is inapplicable to whether "[a] prisoner is ineligible to receive time credits under [§ 3632]." JA 16–17.

The government filed a Motion to Dismiss, or in the Alternative, for Summary Judgment, arguing that the Information to which Valladares pled guilty explicitly referenced 21 U.S.C. § 841(b)(1)(C) – an enumerated offense under 18 U.S.C. § 3632(d)(4)(D)(lviii) – in Counts 1 through 3. JA 50. More importantly, perhaps, the Appellee noted the Sentencing Court's Statement of Reasons and PSR stated that the drug distribution resulted in the death of Valladares' friend. JA 50, JA 101, JA 126. The district court granted the government's Motion and dismissed the habeas petition. JA 87–94. The district court found that, while Valladares was convicted under 21 U.S.C. § 841(a)(1), he was sentenced under 21 U.S.C. § 841(b)(1)(C) on all counts. JA 93. Further, the district court found that the PSR "unmistakably cites § 841(b)(1)(C) and further noted that a death resulted as consequence of petitioner's conduct." JA 93.

Valladares filed a Notice of Appeal on September 20, 2023. JA 96. A *pro se* Informal Brief was filed on October 5, 2023, and a *pro se* Supplemental Informal Opening Brief was filed on October 25, 2023. Docs. 7, 8. Valladares was subsequently appointed counsel and filed an Opening Brief on July 15, 2024. Docs. 14, 26.

## SUMMARY OF THE ARGUMENT

The issue before the Court is whether the BOP may deem a prisoner ineligible to receive First Step Act time credits under 18 U.S.C. § 3632(d)(4)(D)(lviii) based on a criminal defendant's admission and agreement that he distributed controlled substances and death resulted from the use of those substances – even if that specific conduct was not expressly alleged in an information or indictment. In short, the issue is whether the BOP may rely on conduct established in the PSR and Statement of Reasons to determine a prisoner's eligibility to earn time credits. Here, the district court properly found that Valladares is ineligible to earn First Step Act time credits, as set forth in 18 U.S.C. § 3632(d)(4)(D)(lviii), as a result of his conviction for distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), because use of the controlled substances that he admitted to distributing resulted in death. In his Opening Brief, Valladares conceded that "an overdose death did tragically result from his distribution of" fentanyl to a friend and "stipulated to that conduct in his plea agreement." Doc. 31 at 8–9. That fact is not in dispute.

As noted by the district court, the sentencing court's Judgment indicates that Valladares was convicted under 21 U.S.C. § 841(a)(1) in Counts 1 through 3, but it fails to specify under which statute he was sentenced. JA 93. For that reason, the district court appropriately looked to the sentencing court's Statement of Reasons and PSR, both of which noted that an overdose death resulted from Valladares' drug

distribution, as well as the Information, which plainly lists 21 U.S.C. § 841(b)(1)(C) in each count, to determine that Valladares was in fact serving a sentence for a conviction under a provision of law that deems him ineligible to earn time credits. JA 93.

For the reasons set forth below, the district court correctly found that Valladares was precluded from earning First Step Act time credits under 18 U.S.C. § 3632(d)(4)(D)(lviii) based upon not only his crime of conviction but also sentencing documents proving that Valladares stipulated and agreed that if the case had proceeded to trial, the government would have proven beyond a reasonable doubt that he distributed controlled substances and use of those controlled substances resulted in the death. JA 106–108. The conduct underlying the crimes to which Valladares plead guilty is the exact conduct which Congress sought to characterize and exclude from earning eligibility under 18 U.S.C. § 3632(d)(4)(D)(lviii).

Therefore, this Court should affirm the district court's Dismissal Order and hold that the district court appropriately considered "other documents," including the PSR and Statement of Reasons, to determine that Valladares was ineligible to earn time credits and thus not entitled to habeas relief under 28 U.S.C. § 2241.

## STANDARD OF REVIEW

This Court reviews a district court's dismissal of a 28 U.S.C. § 2241 habeas petition de novo. *See Ward v. United States*, 982 F.3d 906, 912 (4th Cir. 2020).

## ARGUMENT

### I. The district court correctly concluded that Valladares is ineligible to earn time credits pursuant to 18 U.S.C. § 3632(d)(4)(D)(lviii).

In 2018, Congress enacted the First Step Act "with the purpose of modifying prior sentencing law and expanding vocational training, early-release programs, and other initiatives designed to reduce recidivism." *United States v. Venable*, 943 F.3d 187, 188 (4th Cir. 2019). The First Step Act provides that eligible prisoners may earn time credits, also known as FTCs, for successfully participating and completing approved Evidence-Based Recidivism Reduction ("EBRR") Programs or Productive Activities ("PAs"). *See* 18 U.S.C. § 3632(d)(4). Certain prisoners, however, are ineligible to receive time credits if the prisoner is serving a sentence for a disqualifying offense or has a disqualifying prior conviction. *See* 18 U.S.C. § 3632(d)(4)(D). The law enumerates 68 offense areas that disqualify a prisoner from earning time credits, including prisoners "serving a sentence for a conviction" under:

> Section 401(a) of the Controlled Substances Act (21 U.S.C. 841), relating to manufacturing or distributing a controlled substance in the case of a conviction for an offense described in subparagraph (A), (B), or (C) of subsection (b)(1) of that section for which death or serious bodily injury resulted from the use of such substance.

18 U.S.C. § 3632(d)(4)(D)(lviii).

### A. Valladares was charged with and pled guilty to one count of distribution of controlled substances and two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The record makes clear that the initial Indictment, dated December 20, 2020, charged Valladares with one count of distribution of a controlled substance "resulting in death" and two counts of possession with intent to distribute controlled substances. JA 66–70. Apparent plea negotiations with the government resulted in the filing of the Information dated October 15, 2021, wherein Valladares was charged with one count of distribution of controlled substances and two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). JA 71–75. It is of no matter that the Information did not expressly state or allege that Valladares' distribution of controlled substances under Count One "resulted in death" because "an offense described in subparagraph (A), (B), or (C) of subsection (b)(1) of that section for which death or serious bodily injury resulted from the use of such substance," namely 21 U.S.C. § 841(b)(1)(C), is expressly listed in Counts One through Three of the charging document. JA 71–73.

Of course, Valladares prefers that this Court read his crimes of conviction in a vacuum based solely on the statutes indicated in the sentencing court's Judgment. JA 56. In order for the BOP to determine whether Valladares was "ineligible to

receive time credits" under the First Step Act, it was required to first determine under which statute Valladares was serving his sentence. Because the Judgment only references the unlawful acts committed by Valladares but was silent as to the applicable penalty statutes, both the BOP and the district court were required to look at "other documents from [Valladares'] criminal proceeding [to] clarify that he was sentenced under § 841(b)(1)(C) under all Counts." JA 93.

As memorialized in the PSR, the parties "stipulate[ed] and agree[d] that if this case had proceeded to trial, the Government would have proven the following [pertinent] facts beyond a reasonable doubt." JA 106.

> 10. On February 8, 2020, at approximately 9:28 a.m., the Elkton Police Department was dispatched to 124 E. Stockton Street, Elkton, Maryland, in reference to an overdose death. Upon arrival, Officer Brown made contact with the victim's father, who stated that his 29-year-old son was upstairs in his bedroom, deceased, and he believed that his son overdosed. Officers went upstairs to the victim's bedroom and observed him curled up on the bedroom floor. The victim's body was in full rigor, and lividity had set in his face and legs. Emergency medical services arrived and pronounced the victim deceased at 9:33 a.m.
>
> 13. An autopsy was performed on February 9, 2020; the medical examiner noted the cause of death to be mixed drug intoxication with acryl fentanyl, fentanyl, desproprionyl fentanyl, methamphetamine and xylazine.
>
> 15. The Defendant admits that on February 7, 2020, he distributed controlled substances to the victim, and that the death of the victim resulted.

JA 106–108.

Contrary to Valladares' assertion that he must have been *convicted* of a death-resulting enhancement, a straight-forward application of 18 U.S.C. § 3632(d)(4)(D)(lviii) makes clear that Valladares was serving a sentence for a drug distribution conviction under 21 U.S.C. § 841(b)(1)(C), an enumerated statute, "for which death or serious bodily injury resulted from the use of such substance." In addition to the Information, which lists both 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) as charged offenses, the PSR clearly sets forth the "Offense[s]" at issue as:

> **Count 1:**
> Distribution of Controlled Substances
> 21 U.S.C. § 841, 21 U.S.C. § 841(b)(1)(C)
> Not more than 20 years imprisonment/$1,000,000 fine
> (Class C Felony)
>
> **Count 2:**
> Possession with Intent to Distribute Controlled Substances
> 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C)
> Not more than 20 years imprisonment/$1,000,000 fine
> (Class C Felony)
>
> **Count 3:**
> Possession with Intent to Distribute Controlled Substances
> 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C)
> Not more than 20 years imprisonment/$1,000,000 fine
> (Class C Felony)

JA 103.

Accordingly, considering all of Valladares' sentencing documents as a whole – including the Judgment in a Criminal Case, Statement of Reasons,[1] and PSR – leads to the inescapable conclusion that Valladares pled guilty to the relevant criminal statute, distribution of fentanyl, and death resulted from the use of such fentanyl.

### B. Valladares is ineligible to earn First Step Act time credits pursuant to 18 U.S.C. § 3632(d)(4)(D)(lviii).

The Attorney General vested the BOP with the administrative function of execution of sentences and the computation of jail time, including the responsibility for computing time credits and determining a sentence termination date once a defendant actually commences serving his sentence. *See Bonnie v. Dunbar*, No. 4:23-1215-DCN-TER, 2024 U.S. Dist. LEXIS 85144, at *6–7 (D.S.C. Jan. 16, 2024) (citing *United States v. Wilson*, 503 U.S. 329, 334–35 (1992)).

Similar to the facts at issue here, in *Lenze v. Gilley*, the district court denied an inmate's habeas relief on the grounds that BOP correctly determined his ineligibility status to earn time credits under the exclusion provided by 18 U.S.C. § 3632(d)(4)(D)(lviii). *See Lenze v. Gilley*, Civil Action No. 6:21-115-DCR, 2021 U.S. Dist. LEXIS 214473, at *5 (E.D. Ky. Nov. 5, 2021). In *Lenze*, a federal grand jury issued a one-count Indictment charging Lenze with knowingly and intentionally

[1] In the Statement of Reasons, the sentencing court adopted the PSR without objection or change. JA 98.

distributing heroin in violation of 21 U.S.C. § 841(a) and the use of which resulted in the death of J.C. *See id.* at *1. The offense was punishable under 21 U.S.C. § 841(b)(1)(C). *See id.* Lenze pled guilty to the sole count of the Indictment and was sentenced to a term of imprisonment of 180 months. *See id.* at *1–2.

The BOP determined that Lenze was ineligible to earn time credits, and Lenze filed a habeas petition arguing that "his crime of conviction is not listed as a disqualifying offense." *See id.* at *3. The district court concluded that Lenze's argument was "belied by the language of the sole count of the Indictment (to which he pled guilty), which specifies that a death resulted from the use of the heroin distributed by Lenze." *Id.* In addition to the language of the charging document, the district court looked to the PSR prepared by the Probation Office, noting that the Sentencing Guidelines provided for a Base Offense Level of 38 "if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), or (b)(1)(C), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance." *Id.* at *4. Analogous to the facts present here, the *Lenze* court relied on the undisputed statement in the PSR that "Lenze agreed that the heroin [he distributed] was the 'but for' cause of [the victim's] death." *Id.*

In his brief, Valladares neglects to meaningfully address the *Lenze* court's reliance on the PSR to determine the inmate's ineligibility to earn time credits under the exclusion provided by 18 U.S.C. § 3632(d)(4)(D)(lviii), as well as many recent

analogous district court opinions. *See, e.g.*, *Dittmar v. Jacquez*, No. 3:23-CV-00275-MC, 2023 U.S. Dist. LEXIS 179792, at *5 (D. Or. Oct. 5, 2023) (holding that the plain language of § 3632(d)(4)(D)(lviii) does not require that a prisoner be found criminally liable for causing the death of another before he may be deemed ineligible for FSA earned time credit. Rather, the record must simply establish that "death or serious bodily injury resulted from the use of" the relevant substance.); *Hollins v. Monarez*, No. CV 23-02455-PHX-SPL (ASB), 2024 U.S. Dist. LEXIS 42402, at *1 (D. Ariz. Feb. 6, 2024), adopted by *Hollins v. Unknown Monarez*, No. CV-23-02455-PHX-SPL, 2024 U.S. Dist. LEXIS 40811 (D. Ariz. Mar. 8, 2024) (holding, in part that, pursuant to 18 U.S.C. § 3632(d)(4)(D)(lviii), the prisoner was ineligible to receive time credits under the First Step Act because he was convicted of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), related to distribution of fentanyl, and admitted in his plea agreement that his distribution of the controlled substance was the "but for" cause of death of another person as reflected in the PSR and adopted by the sentencing court in its Statement of Reasons); *Kyger v. Williams*, No. 2:23-CV-085-TAV-CRW, 2024 U.S. Dist. LEXIS 65606 (E.D. Tenn. Apr. 10, 2024) (holding that the petitioner's distribution of fentanyl conviction for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), the plain language of 18 U.S.C. § 3632(d)(4)(D)(lviii), and the petitioner's sentencing documents, including the PSR

and sentencing court's Statement of Reasons, establish that petitioner is ineligible for the FSA sentence credits she sought in her petition).

Instead, Valladares relies almost exclusively on *Lallave v. Martinez*, an outlier district court opinion from the Eastern District of New York. *See* 635 F. Supp. 3d 173 (E.D.N.Y. 2022). In *Lallave*, a § 2241 petitioner argued that the "death resulting" ineligibility provision did not apply to her for two reasons. *See* 635 F. Supp. 3d at 186–87. First, she was not convicted of the "death or serious bodily injury" penalty enhancement in 21 U.S.C. § 841(b)(1)(C) since she was sentenced below the mandatory minimum of twenty years. *See id.* Second, she was convicted of conspiracy under 21 U.S.C. § 846, not of the substantive drug offense under 21 U.S.C. § 841(b)(1)(C). *See id.* Notably, the *Lallave* court remarked that 18 U.S.C. § 3632(d)(4)(D)(lviii) is "unclear" because it "could be read to require a conviction under the penalty enhancement or to require only a conviction under section 841(b)(1)(C) involving a substance that led to death or serious bodily injury." *Id.* at 187. Ultimately, the district court was "persuaded, after applying the traditional canons of statutory construction to interpret the ambiguity in the text, that the eligibility provision is intended to apply specifically to individuals who were convicted of the penalty enhancement contained in 21 U.S.C. § 841(b)(1)(C)." 635 F. Supp. 3d at 190.

Although the *Lallave* court reached its conclusion on other grounds, the facts in that case are distinguishable from the facts here. The petitioner in *Lallave* was convicted of conspiracy under 21 U.S.C. § 846, not of the substantive drug distribution offense (21 U.S.C. § 841(a)(1) that Valladares was convicted of violating. Nonetheless, *Lallave* appears to be an isolated opinion and acknowledged that it undertook its own statutory analysis, ignoring the "limited guidance" provided by *Lenze*. *See* 635 F. Supp. 3d at 187.

Valladares also mischaracterizes the facts and holdings of two unpublished District of Connecticut cases where, as he alleges, the "BOP has deemed § 2241 petitioners FSA eligible despite offense conduct that resulted in an overdose death." *See Collins v. Stover*, No. 3:24-CV-282 (D. Conn. April 30, 2024); *Orndorff v. Pullen*, No. 3:22-CV-1637 (D. Conn. April 19, 2023). As the petitioner in *Collins* admits, neither she nor the petitioner in *Orndorff* was convicted of violating § 841(b)(1)(C). *See Collins v. Stover*, Doc. 1 at 10. Here, as explained ad nauseam, Valladares, unlike *Collins* and *Orndorff*, was charged with violating 21 U.S.C. § 841(b)(1)(C) in each of the three Counts in the Information and pled guilty to each of the three Counts. JA 71–73.

## II. ***Loper Bright*** **has no bearing on this case because the BOP acted within its statutory authority pursuant to the First Step Act.**

Notably, neither the BOP, nor the district court relied on *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), in reaching its

conclusions. The parties agree that issue does not involve an ambiguous regulation interpreting or implanting a statute, and the BOP has not argued that it should be afforded deference for its interpretation of the relevant statute or any regulations here. Further, the district court did not accord any deference to the BOP in its holding. Instead, this is a simple matter of differing positions on statutory interpretation, the parties' interpretations of those statutes are being argued, and this Court will need to apply the law in its best judgment.

*Loper Bright* overruled *Chevron* and, broadly, ruled that "courts need not, and under the Administrative Procedure Act (APA) may not, defer to an agency's interpretation of the law simply because a statute is ambiguous." *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). *Loper Bright* does not apply to this case and Valladares' reliance on the decision is misplaced because the FSA provisions at issue in this action—18 U.S.C. §§ 3624(g)(1) and 3632—unambiguously authorized the actions now challenged by Valladares. Specifically, 18 U.S.C. § 3632 mandated the exclusions applicable here, not a BOP regulation interpreting the statute. Thus, because the BOP has complied with the plain language of the relevant statutes, *Loper Bright* has no bearing on this case.

Congress, not the BOP, imposed the exclusions under which the BOP cannot apply FSA time credits towards prerelease custody or supervised release. As reflected above, the statutory provisions at issue are neither silent nor ambiguous.

Rather, they clearly required the BOP to examine the crimes of conviction, which it did, and they further prohibit the BOP from applying FSA time credits, which it properly determined. Thus, *Loper Bright* does not apply because the BOP acted within its statutory authority. Moreover, the FSA plainly authorizes – and indeed requires – the challenged agency action, and the BOP has complied with the relevant statutes.

However, even if this Court were to determine that the statute is ambiguous, and thus wrestle with proper interpretation, *Loper Bright* only applies to the extent that the Court should not defer to the BOP in its interpretation of law through promulgation of regulations. The BOP maintains that the proper interpretation – for the reasons set forth herein – remains the same: because Valladares was convicted of distribution of a controlled substance, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and because the record reflects that death resulted from that distribution offense, Valladares is ineligible for First Step Act time credits.

## CONCLUSION

The district court appropriately considered "other documents," including the PSR and Statement of Reasons, to determine that Valladares is ineligible to earn First Step Act time credits and thus is not entitled to habeas relief under 28 U.S.C. § 2241. For these reasons, this Court should affirm the district court's dismissal order.

Respectfully submitted,

WILLIAM IHLENFELD
*United States Attorney*

BY: */S/ MAXIMILLIAN F. NOGAY*
MAXIMILLIAN F. NOGAY
*Assistant United States Attorney*
Northern District of West Virginia
United States Attorney's Office
1125 Chapline Street, Suite 3000
P.O. Box 591
Wheeling, WV 26003
(304) 234-0100 office
(304) 234-0110 facsimile
Max.Nogay@usdoj.gov

## STATEMENT REGARDING ORAL ARGUMENT

Since the issue on appeal concerns straightforward legal principles and uncomplicated facts that are adequately presented in the parties' briefs, oral argument is unnecessary.

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i) because it contains no more than 13,000 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

/S/ MAXIMILLIAN F. NOGAY

## CERTIFICATE OF SERVICE

I hereby certify that, on September 13, 2024, I electronically filed the foregoing document with the Clerk of the Court using the appellate CM/ECF system. All participants are registered CM/ECF users and will be served by the appellate CM/ECF system.

*/S/ MAXIMILLIAN F. NOGAY*